## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ) ) |
| ENDURANCE AMERICA SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

C.A. NO.: 25-cv-526

Electronically Filed

## COMPLAINT FOR DECLARATORY RELIEF

### PARTIES

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its principal place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant Endurance American Specialty Insurance Company is a Delaware Corporation with its principal place of business at 767 Third Avenue, Fifth Floor, New York, New York with a registered agent located at Registered Agents, Inc., 8 The Green, Suite R, Dover, Delaware.

### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

4. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

### FACTS

5. Atain issued a Commercial General Liability policy for the period of March 11, 2013 – March 11, 2014, as renewed from March 11, 2014 – March 11, 2015 and March 11, 2015 – March 11, 2016, to its insured GPS-GILS.

6. Ahlborg Construction Corp. subcontracted GPS-GILS to install a roof at 120 Centerville Road, Warwick, Rhode Island on or about May 9, 2014. See Ahlborg Construction Corp. – GPS GILS contract, dated May 9, 2014, a true and accurate copy of which is attached hereto as **Exhibit 1**.

7. GPS-GILS subcontracted the roofing work to Gladiator Construction Inc. and Gladiator Construction Inc. installed and completed the roof on June 18, 2014. See GPS-GILS – Gladiator Construction, Inc., contract dated June 1, 2014, a true and accurate copy of which is attached hereto as **Exhibit 2**.

8. The GPS-GILS – Gladiator Construction, Inc, subcontract, dated June 1, 2014, **Exhibit 2,** contained an indemnification provision which provides:

    \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

    To the fullest extent permitted by law, the Subcontractor shall indemnify, defend and hold harmless the Owner and Contractor from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's and Sub-Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (there than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnity hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this paragraph.

    \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

9. Jeffrey Kobak alleges that on July 8, 2016 in the course of using the utility ladder to access the refrigeration unit on top of the roof located at 120 Centerville Road, Warwick, Rhode Island, the utility ladder detached from the roof and caused him to fall and suffer personal injury.

10. Gladiator Construction performed the entire roofing job. GPS-Gils Answers to Interrogatories a true and accurate copy of which is attached hereto as **Exhibit 3**.

11. Gladiator Construction, as part of the roofing work, removed and reinstalled the subject utility ladder. See deposition of Gladiator Construction, p. 29, lines 15-23, a true and accurate copy of which is attached hereto as **Exhibit 4**.

12. The Defendant Jeffrey Kobak has filed a Rhode Island Superior Court complaint, *Jeffrey Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067* naming GPS GILS, Ahlborg Construction, Blackstone Management, LLC., West Bay Orthopedics and Neurosurgery, Inc., and Trilogy WBO Limited Partnership, as

Defendants. A true and accurate copy of Kobak's State Court complaint is attached hereto as **Exhibit 5**.

13. In connection with the Kobak Rhode Island state action, Atain is providing Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, West Bay Orthopedic Associates and Neurology, Inc., and GPS-GILS with a defense, under a reservation of rights.

14. Furthermore, GPS-GILS has filed a third-party complaint against Gladiator for contribution and indemnification.[1]

15. The State Court Plaintiff, Kobak, has asserted a direct claim for negligence against Gladiator Construction, Inc. See Second Amended Complaint, a true and accurate copy of which is attached hereto as **Exhibit 6**.

16. The Defendant Endurance American Specialty Insurance Company issued a commercial general liability policy to Gladiator Construction, Inc., for the period of April 5, 2016 to April 6, 2017 and is defending Gladiator Construction, Inc. in the State Court litigation. A true and accurate copy of the Endurance American Specialty Insurance Company policy is attached hereto as **Exhibit 7**.

17. The Endurance American Specialty Insurance Company policy provides coverage for an "insured contract" entered into by the insured, Gladiator Construction, Inc., which is defined as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of a contract or agreement."

18. The coverage extends to an "insured contract" provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract. Solely for purposes of liability assumed in an "insured contract," reasonable attorney fees and litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

     *   *   *   *   *   *   *   *   *   *   *

   (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

---

[1] Atain notes that GPS-GILS moved for summary judgment on its claim for indemnification under the contract which the Superior Court denied. Atain's position is different as it is seeking a declaration that the GPS-GILS – Gladiator Construction, Inc. contract is an "insured contract" which obligates the Defendant to defend and indemnify GPS-GILS and Ahlborg Construction and to further indemnify Atain for its expenses as a contractual and equitable subrogee.

(b) Such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \* \* \* \* \* \* \* \* \*

19. The June 1, 2014 written agreement entered into between Atain's insured, GPS-GILS, and Endurance American Specialty Insurance Company's insured, Gladiator Construction, Inc., constitutes an "insured contract" as the parties entered into a written contract in which Gladiator Construction, Inc., assumed GPS-GILS liability, including legal fees, and such contract pre-dated Kobak's July 8, 2016 claim for bodily injury.

20. The "insured contract" provision of the Endurance American Specialty Insurance Company provides independent coverage to GPS-GILS as an additional insured under the policy and Endurance American Insurance Company is contractually obligated to defend and indemnify GPS-GILS, Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, West Bay Orthopedic Associates and Neurology, Inc.

21. The Atain policy further provides that:

**8.    Transfer of Rights of Recovery Against Others to Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after the loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

22. As a matter of law, the Atain policy transfers GPS-GILS rights to recover payment, in this case the indemnification agreement, to Atain, and Atain is contractually subrogated to GPS-GILS rights against Endurance American Specialty Insurance Company.

23. Furthermore, Atain is equitably subrogated to GPS-GILS rights against Endurance American Specialty Insurance Company because Atain has indemnified its insured, and additional insureds pursuant to the terms and conditions of its policy and is entitled to recover this expense from the Endurance American Specialty Company.

### COUNT I
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
*"Insured Contract"*

24. Atain incorporates herein the allegations of paragraphs 1-23.

25. Atain has presented an actual controversy within the jurisdiction of this Court with respect to whether the June 1, 2014 contract entered into between GPS-GILS and Gladiator Construction, Inc., constitutes an "insured contract" as that term is defined under the Endurance American Specialty Insurance Policy.

4

26. Atain seeks a Declaratory Judgment that the June 1, 2014 contract entered into between GPS-GILS and Gladiator Construction, Inc constitutes an "insured contract."

27. Atain seeks a Declaratory Judgment that the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to defend and indemnify Atain's insured, GPS-GILS, including the obligation to defend and indemnify the additional insureds under the policy.

28. Atain seeks a Declaratory Judgment that the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to indemnify Atain for its defense costs to date for GPS-GILS, Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, and, West Bay Orthopedic Associates and Neurology, Inc.

## COUNT II
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
*"Contractual Subrogation"*

29. Atain incorporates herein the allegations of paragraphs 1-28.

30. Atain has presented an actual controversy within the jurisdiction of this Court with respect to whether Atain is contractually subrogated to its insured's rights to seek indemnification from American Specialty Insurance Company's "insured contract" coverage.

31. Atain's insured, GPS-GILS, is entitled to coverage under the American Specialty Insurance Company's policy "insured contract" exception and Atain, as GPS-GILS contractual subrogee, is entitled to assert GPS-GILS' rights to coverage under the American Specialty Insurance policy.

32. Atain seeks a Declaratory Judgment that as a contractual subrogee to GPS-GILS, the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to defend and indemnify Atain's insured, GPS-GILS, including the obligation to defend and indemnify the additional insureds under the policy.

33. Atain seeks a Declaratory Judgment that the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to indemnify Atain for its defense costs to date for both GPS-GILS, Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, and, West Bay Orthopedic Associates and Neurology, Inc.

## COUNT III
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02
*"Equitable Subrogation"*

34. Atain incorporates herein the allegations of paragraphs 1-33.

35. Atain has presented an actual controversy within the jurisdiction of this Court with respect to whether Atain is equitably subrogated to its insured's rights to seek payment from American Specialty Insurance Company's "insured contract" coverage.

36. Atain's insured, GPS-GILS, is entitled to coverage under the American Specialty Insurance Company's policy "insured contract" exception and Atain, as GPS-GILS equitable subrogee, is entitled to assert GPS-GILS' rights to coverage under the American Specialty Insurance policy.

37. Atain seeks a Declaratory Judgment that as equitable subrogee to GPS-GILS, the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to defend and indemnify Atain's insured, GPS-GILS, including the obligation to defend and indemnify the additional insureds under the policy.

38. Atain seeks a Declaratory Judgment that the "insured contract" exception to the exclusion for contractual liability set forth in the American Specialty Insurance Policy obligates American Specialty Insurance Company to indemnify Atain for its defense costs to date for both GPS-GILS, Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, and, West Bay Orthopedic Associates and Neurology, Inc.

**WHEREFORE**, Atain requests this Honorable Court to declare that the agreement entered into between GPS-GILS and Gladiator Construction, Inc., constitutes an "insured contract" which obligates Endurance American Specialty Insurance to: (1) defend and indemnify GPS-GILS in the matter of *Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067*; (2) defend and indemnify Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, West Bay Orthopedic Associates and Neurology, Inc., in the matter of *Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067*; (3) indemnify Atain as a contractual subrogee of GPS-GILS Property Services, LLC; (4) indemnify Atain as an equitable subrogee of GPS-GILS Property Services, LLC; and (5) award Atain its reasonable attorney's fees for this declaratory judgment action compelling Endurance American Specialty Insurance Company to defend and indemnify GPS-GILS Property Services, LLC, Ahlborg Construction, Inc., Trilogy WBO Realty Limited Partnership, and, West Bay Orthopedic Associates and Neurology, Inc.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Atain Specialty Insurance Company<br>By Its Attorneys,<br><br>***/s/ Matthew W. Perkins***<br>Matthew W. Perkins, No. 6097<br>Lecomte, Emanuelson and Doyle<br>Batterymarch Park II, One Pine Hill Drive<br>Suite 105, Quincy, MA 02169<br>(617) 328-1900 |
| Dated: October 14, 2025 | mperkins@lecomtelaw.com |